UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIN TAYLOR SCHREIBER, <br><br> Petitioner, <br><br> v. <br><br> MIKE OBENLAND, <br><br> Respondent. | CASE NO. 3:17-cv-05357-RJB-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: OCTOBER 20, 2017 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner Robin Taylor Schreiber challenges, through counsel, his conviction for second degree murder of a police officer with an exceptional sentence. He claims the trial court violated his protection against ex post facto laws because the jury found an aggravating factor that was non-statutory when he committed the crime, but became statutory later, when it was codified by

the Washington Legislature. However, even if the law was applied retrospectively, its codification and application did not create a sufficient risk the petitioner would suffer an increased punishment. Because of this, his protection against ex post facto laws was not infringed. The Court recommends that petitioner's habeas petition be denied.

**PETITIONER'S CLAIM IN THIS HABEAS PETITION**

The state courts unreasonably applied clearly established federal law when they upheld an exceptional sentence based on an aggravating factor that had been judicially recognized, but not legislatively authorized, at the time of the crime in violation of petitioner's protection from ex post facto laws.

**BASIS FOR CUSTODY AND FACTS**

Petitioner was convicted of second degree murder. Dkt. 6, Ex. 1 at ¶ 2.1. He was sentenced to an exceptional sentence of 347 months imprisonment (*Id*. at ¶ 4.5) based on a jury finding that he knew the victim was a law enforcement officer performing his official duties at the time of the offense (*Id*., Ex. 9 (attached special verdict form)).

The Washington State Court of Appeals stated the facts of petitioner's case as follows:

> Over several days in June 2004, Robin Schreiber became increasingly upset over a child support dispute with his ex-wife, Debra Phares. Schreiber's girlfriend, Kim Mortenson, found Schreiber in his bedroom with a shotgun and a bag of ammunition. She took the shotgun from him and had her son call 911. She returned to the bedroom and tried to prevent Schreiber from reaching a rifle stored there, but he pushed her aside. After Mortenson told Schreiber the police had been called, she left the house.
>
> Police officers responded to the call, including Clark County Sheriff's Sergeant Brad Crawford. The officers saw Schreiber moving from room to room inside the house, drinking beer, and knocking out the screens on the upstairs windows. Schreiber pointed a rifle out the window, aiming at the patrol cars and the officers below. Shortly after the police arrived, Schreiber called Phares and told her she did not have to worry about him anymore, that deputies were at his house, and that he had his gun with him.

Eventually, Schreiber came out of the house and crawled toward his truck, carrying the rifle and periodically scanning with it in the officers' direction. Because patrol cars blocked Schreiber's driveway, he drove across an adjoining field and over a barbed wire fence. The fence severed a brake line, leaving him with only 37 percent braking power. From the field, he turned onto a neighbor's driveway and followed it to the road in front of his house, 114th Street. He was traveling 19 m.p.h. as he turned onto 114th Street.

Meanwhile, Sergeant Crawford drove his patrol car on 114th Street to the point where the road turns 90 degrees to the left, becoming 124th Avenue. He stopped a civilian vehicle that was approaching the turn on 124th and backed his patrol car onto the shoulder at the corner. His car was approximately 473 feet from the driveway where Schreiber turned onto 114th Street.

Four other officers, including Vancouver Police Corporal Duane Boynton, followed Schreiber on 114th Street in their patrol cars with their lights and sirens on. None of them saw Schreiber's brake lights come on as he approached the 90–degree turn where Crawford had parked his patrol car. The three closest officers heard Schreiber's truck accelerating as it approached the turn and saw it steer straight into Crawford's car. Four civilian witnesses on 124th Avenue also saw or heard Schreiber's truck accelerate and drive straight into Crawford's patrol car. Schreiber's truck was traveling at 30 to 40 m.p.h. when it struck Crawford's car. Crawford died from multiple blunt force injuries.

The State charged Schreiber with first degree aggravated murder and, in the alternative, second degree felony murder, each with firearm allegations. The jury convicted Schreiber of second degree intentional murder and found that he was armed with a firearm at the time of the offense. The primary issues on appeal are whether the trial court erred in (1) denying Schreiber's recusal motion, (2) limiting cross examination of Officer Boynton, and (3) excluding Schreiber's proposed expert testimony on memory and perception.

Dkt. 6, Ex. 2 at 1-3; *State v. Schreiber*, No. 35186-2-II, 2008 WL 4635905 at *1-2 (Oct. 21, 2008).

## PROCEDURAL HISTORY

Petitioner appealed his conviction to the Washington State Court of Appeals. *See Schreiber*, 2008 WL 4635905. He claimed: 1) the trial judge improperly refused to recuse himself; 2) the trial court's restriction on defense counsel's cross examination of a witness violated petitioner's right of confrontation; and 3) exclusion of expert testimony constitutes a

1 | deprivation of petitioner's right to present a complete defense. Dkt. 6, Ex. 3. The Court of
2 | Appeals rejected his claims. Dkt. 6, Ex. 2; *Schreiber*, 2008 WL 4635905. Petitioner petitioned
3 | the Washington Supreme Court for review, presenting identical claims. Dkt. 6, Ex. 6. That Court
4 | also denied rejected his claims. *Id*., Ex. 7.

Petitioner then filed a personal restraint petition with the Court of Appeals. In that petitioner, petitioner claimed: 1) four claims of violation of his right to a public trial; 2) a witness improperly vouched for the testimony of another witness not present at trial and subject to cross examination; 3) newly discovered evidence justifies a new trial; 4) the judge and a juror inappropriately slept through key portions of the trial; 5) his right to confront a witness was denied because the trial court failed to provide psychological records for the witness; 6) the State presented insufficient evidence for conviction; 7) the jury instruction involving a firearms enhancement was unconstitutionally ambiguous; 8) the trial court improperly entertained an aggravating factor that was not legislatively authorized; 9) application of the aggravating factor was improper as an ex post facto law; 10) and three claims of ineffective assistance of appellate counsel for failing to identify these faults on direct appeal. Dkt. 6, Ex. 9. After numerous stays (*see* Dkt. 6, Exs. 14, 19, 20), the Court of Appeals again rejected petitioner's claims. *Id*., Ex. 23.

Petitioner petitioned the Washington Supreme Court for discretionary review. Dkt. 6, Ex. 24. He claimed: 1) his increased sentence was based on an aggravating factor that violated protections against ex post facto laws and separation of powers; 2) the firearms enhancement jury instruction was unconstitutionally flawed; 3) petitioner's right to an open trial was infringed; and 4) the court should accept review to clarify what a petitioner must show to qualify for an evidentiary hearing. *Id*. The court denied review. *Id*., Ex. 25. Petitioner moved the court to modify its ruleing (*Id*., Ex. 26), but the court declined (*Id*. at Ex. 27).

Petitioner then filed this petition for a writ of habeas corpus on May 15, 2017. Dkt. 1. It appears petitioner has properly exhausted his state remedies and has filed this petition in a timely manner pursuant to 28 U.S.C. § 2254.

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

A federal court may grant a habeas petition under two circumstances. Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). AEDPA requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In addition, review of state court decisions under 28 U.S.C. § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).

**EVIDENTIARY HEARING**

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 131 S.Ct. at 1388. A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 131 S. Ct. 1388 (2011).

Here, petitioner's claims rely on established rules of constitutional law. There are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are sufficient to establish that a rational fact finder would have found him guilty of the crime. Therefore, the Court concludes that an evidentiary hearing is not necessary to decide this case and petitioner's claims may be resolved on the existing state record.

**DISCUSSION**

I.    **Ex Post Facto Laws**

Petitioner first argues that imposition of his exceptional sentence violated the Constitution's guarantee against ex post facto laws because, though present in Washington common law at the time of the crime, it was not legislatively codified until prosecution had already begun. The Constitution provides that "No state shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, §1. A law violates this provision if it has two components. First, "the

regulations must have been applied retroactively to the defendant." *Himes v. Thompson*, 366 F.3d 848, 854 (2003) (citing *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). A law is retrospective if it "changes the legal consequences of acts completed before its effective date." *Weaver*, 450 U.S. at 31. Second, "the new regulations must have created a 'sufficient risk' of increasing the punishment attached to the defendant's crimes." *Himes*, 366 F.3d at 854. (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995)). It is "axiomatic that for a law to be *ex post facto* it must be more onerous than the prior law." *Dobbert v. Florida*, 432 U.S. 282, 294 (1977). Therefore, in the context of sentencing, "applying amended sentencing guidelines that increase a defendant's recommended sentence can violate the *Ex Post Facto* Clause, notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh v. U.S.*, 133 S. Ct. 2072, 2082 (2013) (emphasis in original). However, both retrospection and harm are required to prove a law is ex post facto. *Miller*, 482 U.S. at 430.

The Court of Appeals rejected petitioner's claim when it denied his personal restraint petition:

> Schreiber additionally claims that application of an aggravating factor codified in Laws of 2005, chapter 68, violated the constitutional prohibition against ex post facto laws. Our Supreme Court has already rejected this argument. [*State v.*] *Pillatos*, 159 Wn.2d [459, 477 (2007)]; *see also* [*State v.*] *Hylton*, 154 Wn. App. [945, 956-58 (Div. 2, 2010)]. By enacting Laws of 2005, chapter 68, the legislature did not create new aggravating factors but instead codified aggravating factors that existed under "both past and present law." *Pillatos*, 159 Wn.2d at 473. Thus, Schreiber's argument fails.

Dkt. 6, Ex. 23 at 23; *In re Pers. Restraint of Schreiber*, 189 Wn. App. 110, ¶ 71 (2015) (citations to the record omitted).

The Supreme Court similarly rejected petitioner's claim when it denied review of his personal restraint petition:

> . . . [W]hen Mr. Schreiber committed the murder on July 30, 2004, the statutory list of aggravating factors was illustrative only and not exclusive, thus allowing the trial court to consider factors not specifically enumerated in the statute. *See* former RCW 9.94A.535 (2003). The legislature codified a law enforcement aggravating factor whil Mr. Schreiber's prosecution was pending. *See* former RCW 9.94A.535 (3)(v) (2005); Laws of 2005, ch. 68, § 3. But a crime victim's status as a law enforcement officer engaged in his or her official duties was an aggravating factor recognized in the common law at the time of Mr. Schreiber's offense. *See State v. Anderson*, 72 Wn. App. 453, 466 (1994). Consistent with the constitutional jury right principles explicated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), the jury in this instance was properly instructed to determine whether the State proved beyond a reasonable doubt that Sergeant Crawford was a law enforcement officer performing his official duties and that Mr. Schreiber knew he was a law enforcement officer. The jury made that finding, thus authorizing imposition of an exceptional sentence within the range of punishment available when the crime was committed.

Dkt. 6, Ex. 23 at 2-3 (parallel citations omitted).

The Washington state courts did not unreasonably apply clearly established federal law. It is clear that, here, the law was applied retroactively. The law did not create a "sufficient risk" of increasing the punishment attached to petitioner's crimes. As the Washington courts noted, the aggravating factor and the exceptional sentence attached to it were both recognized in common law before the Washington Legislature passed the amended statute. *See Anderson*, 72 Wn. App. at 465-66. The jury received instructions with no reference to the new statute and were instructed of the correct burden of proof to demonstrate the aggravating factor. *See* Dkt. 6, Ex. 9 (attached jury instruction 34 and special verdict form).

Further, a state court's interpretation of state law, "including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Because the state courts have all determined that RCW 9.94A.535 (3)(v) is nothing more than a codification of a common law aggravator, this Court is bound by that determination. Because it is nothing more

than a codification, there was no change in sentencing or severity. *Peugh*, 133 S. Ct. at 2082. He was on notice at the time of the crime that this aggravator could be applied against him. Therefore, there is not sufficient risk that the allegedly ex post facto law increased petitioner's punishment.

Because there is no risk that petitioner's punishment increased from what it would have been before passage of the statute, petitioner has failed to prove that he was disadvantaged by the change in law. Therefore, because he has not supported one prong, the Court need not determine whether the statute was retrospectively applied. Petitioner has not shown that he was harmed by application of an ex post facto law, and therefore the Court recommends denying the petition.

## II. Separation of Powers

Petitioner also argues that the Washington courts violated separation of powers because imposing a sentence enhancement without a legislative directive amounts to judicial legislation. The separation of powers clause was included in the Constitution because, "within our political scheme, the separation of governmental powers into three coordinate Branches is essential to the preservation of liberty." *Mistretta v. United States*, 488 U.S. 361, 380 (1989). In cases involving courts overstepping their bounds, the United States Supreme Court has expressed concern over two dangers:

> [F]irst, that the judicial Branch neither be assigned nor allowed 'tasks that are more properly accomplished by [other] branches,' *Morrison v. Olson*, 487 U.S. [654,] 680-81 [(1988)], and second, that no provision of law 'impermissibly threatens the institutional integrity of the Judicial Branch.' *Commodity Future Trading Comm'n v. Schor*, 478 U.S. [833,] 851 [(1986)]."

*Mistretta*, 488 U.S. at 383.

In the federal context, sentencing "never has been thought to be assigned by the Constitution to the exclusive jurisdiction of any one of the three Branches of Government." *Id*. at

364. An aggravating factor that increases the sentence of a crime becomes an "element" of the crime that must be found by the jury rather than merely a "sentencing factor" to be considered by a judge. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). Though Congress and state legislatures are endowed with the power to legislate aggravating factors, both the United States Supreme Court and the Ninth Circuit Court of Appeals have recognized the existence and legitimacy of non-statutory aggravating factors. *Barclay v. Florida*, 463 U.S. 939 at 966-967 (1983) (holding that non-statutory aggravating factors were appropriate in death penalty cases so long as the death penalty was not imposed based solely on these factors); *United States v. Mitchell*, 502 F.3d 931, 973 (2007) (holding the same). Further, the Supreme Court has also explicitly recognized that entities other than legislatures have the power to define aggravating factors. *See Loving v. United States*, 517 U.S. 748, 768 (1996) (recognizing the President's power to establish aggravating factors for military crimes).

Here, the trial court did not violate separation of powers by recognizing the jury's finding of a non-statutory aggravating factor that was later codified by the Washington legislature. As noted above, the law enforcement aggravating factor was recognized by Washington courts at the time petitioner committed his crime. The trial court submitted the aggravating factor to the jury and based petitioner's exceptional sentence on a positive finding from the jury. *Alleyne*, 133 S. Ct. at 2155. Reliance on a non-statutory aggravating factor here was not improper. *See Mitchell*, 502 F.3d at 973. The Supreme Court has not forbidden courts from recognizing common law aggravating factors. Contrary to petitioner's position, reliance on a non-statutory aggravating factor later codified by the legislature is not judicial legislation. Because of this, the trial court did not violate the separation of powers. Therefore, the Court recommends that the habeas petition be dismissed.

# CERTIFICATE OF APPEALABILITY

Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

# CONCLUSION

Petitioner has not demonstrated that the state court decisions are contrary to clearly established federal law or that they unreasonably applied clearly established federal law as required by 28 U.S.C. § 2254. Because of this, the Court recommends that the District Court Judge deny the habeas petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 20, 2017, as noted in the caption.

Dated this 25th day of September, 2017.

J. Richard Creatura
United States Magistrate Judge