# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ROBIN TAYLOR SCHREIBER,

          Petitioner,

v.

MIKE OBENLAND,

          Respondent.

CASE NO. 3:17-cv-05357-RJB-JRC

ORDER ON REPORT AND RECOMMENDATION

THIS ORDER comes before the Court on the Report and Recommendation of Magistrate Judge J. Richard Creatura. Dkt. 8. The Court has considered the R&R, Petitioner's Objections (Dkt. 9), Respondent's Response (Dkt. 10), the underlying Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (Dkt. 1) and related briefing, and the remainder of the file herein.

The R&R recommends that the Court dismiss the Petition and deny the request for the certificate of appealability. Dkt. 8 at 11. The R&R should be adopted in its entirety, except for the recommendation to deny the certificate of appealability, which should be issued.

ORDER ON REPORT AND RECOMMENDATION - 1

The below analysis addresses (1) Objections raised by Petitioner and (2) issuance of the certificate of appealability.

1. **Objections raised by Petitioner.**

    a. Background.

The Objections state, in summary:

> [Petitioner] received an increased sentence because of an "aggravating factor" that was not legislatively authorized at the time of his crime. The [R&R] concludes that [Petitioner's] sentence does not violate *ex post facto* separation of powers/notice protections because the aggravating element was judicially recognized and both the United States Supreme Court and the Ninth Circuit Court of Appeals have recognized the existence and legitimacy of non-statutory aggravating factors.

Dkt. 9 at 1 (internal citations and quotations omitted). Petitioner then attempts to distinguish the three cases relied upon by the R&R for this conclusion, *Loving v. United States*, 517 U.S. 748, 768 (1996), *Barclay v. Florida*, 463 U.S. 939, 966-67 (1983), and *United States v. Mitchell*, 502F.3d 931, 973 (9th Cir. 2007).

In context, the R&R stated:

> An aggravating factor that increases the sentence of a crime becomes an "element" of the crime that must be found by the jury rather than merely a "sentencing factor" to be considered by a judge. *See Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013). Though Congress and state legislatures are endowed with the power to legislate aggravating factors, both the United States Supreme Court and the Ninth Circuit Court of Appeals have recognized the existence and legitimacy of non-statutory aggravating factors. *Barclay v. Florida*, 462 U.S. 939, 966-67 (1983) (holding that non-statutory aggravating factors were appropriate in death penalty cases so long as the death penalty was not imposed based solely on these factors); *United States v. Mitchell*, 502 F.3d 931, 973 (2007)(holding the same). Further, the Supreme Court has also explicitly recognized that other entities other than legislatures have the power to define aggravating factors. *See Loving v. United States*, 517 U.S. 748, 768 (1996) (recognizing the President's power to establish aggravating factors for military crimes).

Dkt. 8 at 10.

   b. Discussion.

Petitioner faults the R&R for relying on *Loving* for the proposition that an exceptional sentence may be based on non-statutory aggravating factors. *Loving* held that the President's power to define aggravating factors for military crimes, a power delegated by Congress, does not violate the Eighth Amendment and separation-of-powers doctrine. *Loving*, 517 U.S. at 768 ("In the circumstances presented here, so too may Congress delegate authority to the President to define the aggravating factors that permit imposition of a statutory penalty"). Petitioner argues that *Loving* is premised on a rule derived from *Walton v. Arizona*, 497 U.S. 639, and *Walton* was eviscerated by the "*Apprendi* revolution," which was distilled in *Ring v. Arizona*, 526 U.S. at 584, 609 (2002). Dkt. 9 at 3.

Petitioner correctly notes that *Ring* resolved the *Apprendi/Walton* conflict in favor of *Apprendi*, so *Ring* is controlling case law, but even if *Loving* is partially overruled, it can be reconciled with *Ring* at least in part. Under *Ring*, aggravating factors that increase the penalty for a crime are the functional equivalent to an "element" that must be proved to a jury. *Ring*, 526 U.S. at 609. *Loving* confirms Congress' authority to delegate to another branch, the Executive, the power to define aggravating factors that may result in a harsher sentence. *Loving*, 517 U.S. at 768. In this case, consistent with *Ring*, the judge submitted to a jury the factual sufficiency of an aggravating factor, which formed the basis for an exceptional sentence. Consistent with *Loving*, the judge relied on authority delegated by the legislature to another branch, the judiciary. The applicable state law gave judges discretion to decide whether there were "facts supporting aggravating sentences," with a non-exhaustive, "illustrative" enumeration of factors. 2003 Wash. Legis. Serv. Ch. 267 §4 (S.H.B. 1175)("the following are illustrative factors which the court may consider in the exercise of its discretion to impose an exception sentence. The following are illustrative only and are not intended to be exclusive".)

In sum, reading *Ring* and *Loving* in concert, it would be unconstitutional to impose an exceptional sentence based on an aggravating factor without first submitting that factor to a jury. Here, the judge submitted a special verdict form on the issue of the aggravating factor[1] to the jury, the jury found the evidence sufficient, and thereafter the judge imposed an exceptional sentence.

Petitioner faults the R&R for relying on *Barclay* and *Mitchell* on two grounds. First, Petitioner opines that the R&R fails to recognize "the constitutional distinction between aggravating factors that make a defendant eligible and those used in the discretionary penalty selection process." Dkt. 9 at 5. While concededly *Barclay* and *Mitchell* analyze aggravating factors to ensure the sufficiency of jury findings at the sentencing phase under Florida law and the Federal Death Penalty Act (FDCPA), respectively, the distinction between phases is not critical to the analysis in this case. The R&R relied upon *Barclay* and *Mitchell* for the proposition that courts have recognized "the existence and legitimacy of non-statutory aggravating factors," Dkt. 8 at 10, a point of law illustrated by any number of cases.

Second, according to Petitioner, the R&R misuses *Barclay* and *Mitchell* because neither case stands for the proposition that non-statutory aggravating factors alone can be used to increase a defendant's punishment. *Id*. at 4. The R&R did not rely on the cases to make this point. Instead, the R&R relies on both cases for the proposition that "non-statutory aggravating factors were appropriate in death penalty cases <u>so long as</u> the death penalty was <u>not imposed based solely</u> on these factors." Dkt. 8 at 10 (emphasis added). *See Mitchell*, 502 F.3d at 978-79

---

[1] The parties do not dispute that committing an offense against a law enforcement officer was an aggravating factor clearly established under Washington law at the time of the offense. *See In re Schreiber*, 189 Wn.App. 110 (Div. II, 2015), citing *State v. Anderson*, 72 Wn.App. 453, 466 (Div. I, 1994) ("[A] defendant's assault on a victim he knows is a police officer justifies an exceptional sentence.").

ORDER ON REPORT AND RECOMMENDATION - 4

("there are a number of limitations on the government's power to pursue non-statutory aggravators, including. . . the jury find at least one statutory aggravating factor").

In sum, the Objections are unpersuasive and do not raise any basis for the Court to reject the recommendation of the R&R to deny the petition for writ of habeas corpus.

**2. Certificate of Appealability.**

The undersigned submits that the Petition (Dkt. 1) should be denied, because Petitioner has not met his burden to show an exceptional sentence "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law," 28 U.S.C. 2254(d). Nonetheless, a certificate of appealability should be issued. The key issue is whether an exceptional sentence may be imposed from a single non-statutory aggravating factor, where the aggravating factor is clearly established under state case law, submitted to a jury, and later codified.

* * *

THEREFORE, the Report and Recommendation (Dkt. 8) is ADOPTED IN PART, as to the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, which should be DENIED. Petitioner's request for issuance of a certificate of appealability to the Ninth Circuit is GRANTED.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 31st day of October, 2017.

ROBERT J. BRYAN
United States District Judge